```
              United States District Court
                District of Massachusetts
```

| | |
|---|---|
| Samuel Bourne, individually and as Trustee of Lot 31 Realty Trust,<br><br>          Plaintiff,<br><br>          v.<br><br>Roy E. Gardner, et al.,<br><br>          Defendants. | Civil Action No.<br>20-10898-NMG |

### MEMORANDUM & ORDER

GORTON, J.

This case arises from a property dispute between Samuel Bourne ("Bourne" or "plaintiff") and Roy E. Gardner ("Gardner"), Dorothy L. Simpson ("Simpson") and the Town of East Bridgewater (the "Town", collectively "defendants").

On May 14, 2020, Bourne individually and as Trustee of Lot 31 Realty Trust (the "Trust") filed a complaint alleging (1) fraud, deceit and fraudulent concealment; (2) forgery or unauthorized alteration of the public record; (3) deprivation of Procedural Due Process; (4) interference with contractual relations; and (5) inverse condemnation or regulatory taking in violation of the Fifth Amendment.

On May 27, 2020, this Court allowed plaintiff's motion for leave to electronically file pro se but advised plaintiff that he may not represent the Trust pro se. Pending before the Court is Bourne's motion for reconsideration of that order.

I. **Motion for Reconsideration**

Pursuant to Local Rule 83.5.5(c) a "trust, estate, or other entity that is not an individual may not appear pro se." That rule further provides that "an individual . . . trustee . . . may not appear on behalf of an entity." In Kitras v. Town of Aquinnah, 379 F. Supp. 2d 81 (D. Mass. 2005), however, this judicial officer noted that he "would be inclined to allow a trustee who is also the sole beneficiary of a trust to represent that trust pro se." Id. at 82-83.

The First Circuit Court of Appeals has not addressed this issue. The Second Circuit, however, held in Guest v. Hansen, 603 F.3d 15 (2d Cir. 2010), that the administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate. Id. at 21. The court explained that

> [i]t is only a legal fiction that assigns the sole beneficiary's claim to a paper entity—the estate—rather than the beneficiary himself . . . .Because the administrator is the only party affected by the disposition of the suit, he is, in fact, appearing solely on his own behalf. This being so, the dangers that accompany lay lawyering are outweighed by the right to self-representation.

Id. Other circuits have similarly held. See Rodgers v. Lancaster Police & Fire Dep't, 819 F.3d 205 (5th Cir. 2016)(holding that a person may represent an estate pro se if that person is the only beneficiary and the estate has no creditors); Bass v. Leatherwood, 788 F.3d 228 (6th Cir. 2015) (same).

Here, the Schedule of Beneficiaries for the Trust identifies Bourne as the sole beneficiary and, although the precise structure of the Trust is unclear, the proffered documents identify no creditors. As such, the Court concludes that Bourne is the only party that will be affected by the disposition of this case. See Guest, 603 F.3d at 21.

The Massachusetts Supreme Judicial Court has, however, expressly cautioned plaintiffs against acting on behalf of a real estate trust without legal representation. Kitras v. Zoning Adm'r of Aquinnah, 901 N.E.2d 121, 125 n. 14 (Mass. 2009). This Court is similarly concerned but, because the "dangers that accompany lay lawyering" in this case are outweighed by Bourne's right to self-representation, the Court will allow Bourne to represent himself and the Trust pro se. See id.

**ORDER**

For the foregoing reasons, the motion of plaintiff Samuel Bourne ("Bourne") for reconsideration of this Court's order dated May 27, 2020, (Docket No. 10) is **ALLOWED** and, upon such reconsideration, Bourne is hereby permitted to proceed pro se on behalf of Lot 31 Realty Trust.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated June 22, 2020