United States District Court
District of Massachusetts

```
_____
                             )
Samuel Bourne, individually  )
and as Trustee of Lot 31     )
Realty Trust,                )
                             )
        Plaintiff,           )
                             )   Civil Action No.
        v.                   )   20-10898-NMG
                             )
Roy E. Gardner, et al.,      )
                             )
        Defendants.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from a property dispute between Samuel Bourne ("Bourne" or "plaintiff") and Roy E. Gardner ("Gardner"), Dorothy L. Simpson ("Simpson") and the Town of East Bridgewater ("Town," collectively "defendants").

Defendants moved to dismiss plaintiff's complaint in June, 2020. That motion was referred to United States Magistrate Judge M. Page Kelley for a Report and Recommendation ("R&R") on the merits and, in December, 2020, she entered a R&R recommending that this Court allow the motion to dismiss.

On February 2, 2021, after consideration of plaintiff's objection, this Court accepted and adopted the R&R. Pending

before the Court is Bourne's motion for reconsideration of that order.

I.  **Motion for Reconsideration**

The First Circuit Court of Appeals ("First Circuit") has instructed that motions for reconsideration are appropriate only

> if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.

United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009).  Such a motion is "normally not a promising vehicle" for rearguing theories already advanced "[u]nless the court has misapprehended some material fact or point of law." Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006).

Here, plaintiff has not met the standard set forth in the Allen decision cited above.  He instead contends that a recent decision by the United States Supreme Court indicates that defendants are not protected by the doctrine of qualified immunity.  In the R&R accepted and adopted by this Court in February, 2021, the magistrate judge specifically declined to address the qualified immunity arguments made by defendants because both the doctrine of res judicata and the prior-pending-action doctrine were dispositive of all of plaintiff's claims.  Qualified immunity is, therefore, irrelevant and plaintiff has

- 2 -

offered no basis upon which this Court should otherwise reconsider its prior order.

The Court will not order plaintiff to pay the fees and costs associated with defendants' opposition to the instant motion.  Bourne should stand forewarned, however, that sanctions will be imposed pursuant to Fed. R. Civ. P. 11 if he files repetitive or frivolous motions or lawsuits in the future.

### ORDER

For the foregoing reasons, the motion of plaintiff for reconsideration of this Court's order dated February 2, 2021 (Docket No. 23) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 9, 2021